**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1954
_____

UNITED STATES OF AMERICA

v.

JONATHAN OLIVETTI,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 3-21-cr-00087-001; 1-21-cr-00380-001)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a) June 7, 2024
_____

Before: CHAGARES, Chief Judge, CHUNG, and FISHER, Circuit Judges

(Filed: July 3, 2024)
_____

OPINION[*]
_____

CHUNG, Circuit Judge

Jonathan Olivetti pleaded guilty to three felony counts charged in two

informations. The first Information charged Olivetti with mail fraud in violation of 18

---

[*]     This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

U.S.C. § 1341 and tax evasion in violation of 26 U.S.C. § 7201.  The second charged him with wire fraud in violation of 18 U.S.C. § 1343.  The District Court sentenced him to 27 months in prison.  Olivetti now appeals his sentence pro se, arguing that the District Court miscalculated his offense level.  Because Olivetti's challenge fails under a plain-error standard, we will affirm.[1]

Olivetti's challenge concerns the way that the District Court grouped the three counts to which he pleaded guilty.  Section 3D1.2 of the Sentencing Guidelines provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group."  U.S.S.G. § 3D1.2.  The presentence investigation report ("PSIR") grouped Olivetti's counts by Information, placing the mail-fraud and tax-evasion counts in one group and the wire-fraud count in the second group.  Olivetti, who had counsel at the time, submitted a sentencing memorandum that recommended grouping the mail- and wire-fraud counts together and treating the tax-evasion count as another group.  At sentencing, however, Olivetti's counsel withdrew that objection and the District Court adopted the grouping set forth in the PSIR.  It calculated Olivetti's offense level as 18 and the Guidelines range as 27 to 33 months.  After considering the sentencing factors under 18 U.S.C. § 3553(a), the District Court sentenced Olivetti to a bottom-of-the-range sentence of 27 months' imprisonment.

---

[1]     The District Court had jurisdiction under 18 U.S.C. § 3231 (offenses against the laws of the United States).  We have jurisdiction under 28 U.S.C. § 1291 (final decisions of the district court) and 18 U.S.C. § 3742(a) (appeal of a final sentence).

On appeal, Olivetti argues that the District Court should not have grouped any of his counts and should have instead treated each count as a separate group. As Olivetti acknowledges, we review that challenge under a plain-error standard where, as here, the argument raised on appeal was not made at sentencing. United States v. Packer, 83 F.4th 193, 198 (3d Cir. 2023); see also Olivetti Br. 9. To prove plain error, the defendant must establish three elements: (1) "that the district court erred," (2) "that the error was obvious," and (3) "that the error affected [the defendant's] substantial rights," meaning that "the error affected the outcome of the proceedings." Packer, 83 F.4th at 198. If the defendant shows all three, then it is still in our discretion to award relief, and we will do so only if "the defendant is 'actually innocent' or the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. (alteration in original) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)).

Olivetti fails, at the third element, to establish that any error affected his substantial rights by affecting the outcome of the proceedings. That is because even if the District Court had followed Olivetti's proposed grouping method, the resulting offense level would have been the same.

The District Court calculated Olivetti's total offense level as 18. That calculation was based on: (1) an offense level of 19 for Olivetti's mail-fraud count, which carried the highest offense level of the three counts, and thus set the base for determining Olivetti's combined offense level under the procedures in U.S.S.G. §§ 3D1.3–4; (2) a two-level increase for the wire-fraud group under § 3D1.4; and (3) a three-level reduction for Olivetti's acceptance of guilt under § 3E1.1. On appeal, Olivetti argues that if his three

3

counts had been grouped separately, his tax-evasion count would have had the highest offense level, and thus made it the base for determining his combined offense level. Even if that is the case, though, his ultimate offense level would be the same. His tax-evasion count would have had an offense level of 18—one level lower than his standalone mail-fraud count. However, placing his counts in three groups instead of two would require a three-level increase under § 3D1.4, for the same combined offense level of 21. Thus, treating each count as a separate group would yield a total offense level of 18 after a three-level decrease for acceptance of responsibility, the same offense level as calculated by the District Court.

Olivetti reaches a different result by calculating the offense level for his standalone tax-evasion count as 16, not 18. That calculation is incomplete. Olivetti correctly calculates the base offense level for his tax evasion count under U.S.S.G. § 2T1.1(a) as 16. See also id. § 2T4.1. However, he ignores the adjustment for "[s]pecific [o]ffense [c]haracteristics" under § 2T1.1(b), which requires adding two levels if the defendant "failed to report … income exceeding $10,000 in any year from criminal activity." Id. § 2T1.1(b)(1). That is the case here, where Olivetti failed to report many tens of thousands of dollars from criminal activity in a single year—for instance, the $91,991.28 that he embezzled in 2019 but did not report. Thus, Olivetti's offense level is 18 no matter how his counts are grouped.[2]

---

[2] In his reply brief, Olivetti also argues that his offense level should be decreased under recent amendments to the Sentencing Guidelines that provide a two-level reduction for certain defendants with zero criminal history points. Olivetti forfeited that argument, though, by not making it in his opening brief. See McCray v. Fid. Nat'l Title Ins. Co.,

4

Because Olivetti's proposed method yields the same offense level as the District Court's, he cannot show that any error affected the outcome. There is thus no plain error, and we will affirm.

---

682 F.3d 229, 241 (3d Cir. 2012) ("[W]e have generally held that '[a]n appellant waives an argument in support of reversal if he does not raise that argument in his opening brief ….'" (second alteration in original) (quoting AT & T v. FCC, 582 F.3d 490, 495 (3d Cir. 2009))).

Even if Olivetti had not forfeited his argument, it would still fail. The Sentencing Guidelines are advisory, and thus although a district court must calculate the Guidelines sentence precisely, it has ultimate discretion to vary from the Guidelines after considering the relevant § 3553(a) sentencing factors. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). We review such decisions for abuse of discretion. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009). Here, the District Court had multiple chances to consider Olivetti's argument and rejected it each time. At sentencing, it declined Olivetti's request for a variance applying the amended guideline before it went into effect. After the amendments became part of the Sentencing Guidelines and while this appeal was pending, Olivetti filed a counseled motion in the District Court seeking a sentencing reduction based on the amendments, and the Court denied that motion. Then, when Olivetti filed yet another counseled motion seeking clarification or reconsideration of that denial, the District Court explained in more detail that it had "denied the motion because it declined to exercise its discretion to reduce [Olivetti's] sentence of 27 months after consideration of the factors set forth in 18 U.S.C. § 3553(a)." Dist. Ct. Dkt. 100, at 1–2. Olivetti gives no reason why that decision was an abuse of discretion, and we see none.